UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

No. 12-cr-00973 (PGG)
ECF Case

MATHEW MARTOMA,

Defendant.

## DEFENDANT MATHEW MARTOMA'S PROPOSED VOIR DIRE

Defendant Mathew Martoma respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.  Absent a written juror questionnaire, extended *voir dire* is necessary to identify potential juror prejudice caused by the extensive media coverage of this and other insider trading cases, and is necessary to preserve Mr. Martoma's right to a fair trial and an impartial jury.  In the event that the Court grants Mr. Martoma's motion for a written juror questionnaire in advance of *voir dire*, the need for many of these proposed questions will be obviated.

Mr. Martoma also requests that the Court pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the government or the defendant.  In addition, if a juror's answer reveals that the juror may have seen or become aware of the charges against SAC Capital, the plea by SAC Capital, or any media coverage of Mathew Martoma, SAC Capital, or Steven Cohen, the Court is requested to pursue more detailed questioning regarding what the juror may have seen or heard outside the presence of the other jurors.

Prior to questioning the panel, Mr. Martoma requests that the Court inform the jury of the nature of the case:

**I.        <u>Background of the Case and the Voir Dire Process</u>**

This is a criminal case.  The charges against the defendant are set forth in an indictment. An indictment is a formal method of accusing a defendant of a crime.  It's not evidence of any kind.  It merely states what crimes the government intends to prove that the defendant committed.  It's the government's burden to establish the defendant's guilt beyond a reasonable doubt.  I will instruct the jury on this burden of proof and what it means after all the evidence is presented.

The defendant has pleaded not guilty to the indictment—that is, he has denied the charges made by the government.  The accusations and the defendant's denial of those accusations raise issues of fact that must be decided by the jury on the basis of the evidence that will be presented in court.

I have no knowledge of the actual facts of this case and nothing that I say today or at any time during the trial is to be considered evidence.  I will, however, briefly summarize the charges in the indictment so that we can determine whether there is anything about the charges that would make it difficult or inappropriate for any of you to sit as a fair and impartial juror.  Those of you who are selected to sit as jurors will receive a detailed explanation of the charges at the conclusion of the case and after closing arguments.

The indictment in this case contains a total of three counts.  Count One of the indictment charges Mr. Martoma with conspiracy to violate the federal statute that makes it unlawful to commit securities fraud; specifically, a certain kind of securities fraud called insider trading.

Count One charges that Mr. Martoma conspired with two doctors to obtain and trade on

material nonpublic information about a drug trial for a drug called bapineuzumab, or bapi, that was being developed by two companies, Elan Pharmaceuticals, plc (or "Elan") and Wyeth. Counts Two and Three of the indictment are the substantive counts and charge Mr. Martoma with specific instances of insider trading in the stocks of Elan and Wyeth in July 2008.

Again, the indictment is not evidence. It merely contains formal accusations. The government has the burden of producing evidence sufficient to prove the defendant's guilt on any count beyond a reasonable doubt. And the defendant is presumed to be innocent.

I expect the trial will last about three weeks. Sometimes a trial lasts longer or shorter than the judge or the lawyers expect, but I wanted to give you some idea of what we expect at this point. I'll tell you a little more about our schedule once the jury is selected.

In a moment, I'm going to ask you all to respond to certain questions. If you have an answer to any question you prefer not to give in public, just let us know and the lawyers and I will hear you up here at the bench. During the questioning, you may be excused from serving as a juror in this case. If you happen to be one of those excused, it is no reflection on you. This is all part of our system of justice, which is intended to provide all parties with a jury that they believe will be fair to them. You will have done your duty by your presence and readiness to serve if chosen.

Before I begin with the questioning, I must give you a few simple rules of law that will guide all of us during a trial. The function of the jury is to decide questions of fact—that is, to decide any disputed questions about what actually happened in connection with this case. You, who are chosen as jurors, will be the only judges of the facts, and nothing I or the lawyers say or do may in any way intrude on your role as the exclusive fact finders based on the evidence presented here in the courtroom. In particular, it's not up to me to decide what happened or even

to have an opinion about what happened.  If you get the impression from anything I say or do that I do have an opinion about the facts, you should disregard it.

When it comes to the law, however, as distinguished from the facts, you must take your instructions from me, and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think it ought to be.  At the conclusion of the case, your job will be to determine whether the government has proven its case beyond a reasonable doubt according to my instructions on the law.

I'm going to begin with a series of general questions.  Please raise your hand if your answer to any of the questions is yes.  If your answer is no, you don't have to do anything.  If you raise your hand but your answer is something that you would rather not discuss in public, just say so, and we'll hear you up here at the bench.

**II.**      **Proposed Questions**

      **a.**      **General Questions**

1.      This trial is expected to take about three weeks.  Is there anything that would prevent anyone from serving as a juror for that period of time?

2.      Does anyone have any problem with their hearing or their vision that would prevent them from giving their full attention to all the evidence in the case?

3.      Does anyone have any difficulty in understanding or reading English that would make it difficult for them to follow the evidence in this case?

4.      Is anyone taking any medication or does anyone have some other health problem that would prevent you from giving full attention to the evidence as it's presented to you?

5.      Does anyone have any ideas or beliefs that would prevent or hinder them from following the instructions that I will give as to the law or from acting as a fair and impartial juror

4

in this case?

6.     Do you have any religious, philosophical, moral, or other belief that might make you unable to render either a guilty or not guilty verdict for some reason that's unrelated to the evidence that you see here in court?

7.     Does anyone have any doubt that they would be able to evaluate each witness' credibility without bias or prejudice?

8.     Does anyone have any strong feelings about litigation or the criminal justice system in general that would make it difficult for them to be a fair and impartial juror in this case?

9.     Does anyone have any doubt that they would be able to decide this case based solely on the evidence presented at the trial here in the courtroom and not based on any other information?

10.    The defendant and some of the individuals who may testify in the case or would be subject of testimony are Americans with an Indian or South Asian heritage.  Is this a factor that in any way would have some impact on your approach to the deliberations in the case?

### b.     <u>Knowledge Of The Case And Media Coverage</u>

11.    Do you have any personal knowledge concerning the claims at issue in this case or know anything about the facts of this case other than what I have told you?

12.    Have you heard, read, or seen anything from newspapers, television, radio, the internet, friends, family, or any other source, regarding Mathew Martoma, the insider trading charges pending against him, or this case?

13.    Have you heard, read, or seen anything from newspapers, television, radio, the internet, friends, family, or any other source, regarding SAC Capital, CR Intrinsic, or Steven

Cohen?

14.     Have you heard, read, or seen anything from newspapers, television, radio, the internet, friends, family, or any other source, regarding insider trading trials?

15.     Have you heard, read, or seen anything from newspapers, television, radio, the internet, friends, family, or any other source, regarding the United States Attorney's Office, insider trading investigations, or prosecutions?

16.     If you are selected as a juror, you will not be permitted to read or listen to any news about this case.  You won't be allowed to do any internet research concerning it.  You will only be allowed to consider as evidence information that you hear in this courtroom.  You won't be allowed to write about your participation as a juror on any internet site or blog.  You won't be able to discuss what you are doing, with whom you are doing it, or the events that occur during the course of the trial.  This is very important.  We live in a connected world, but this is a matter about which you need to focus solely on what's happening in the courtroom.  Does anyone believe that they would have any difficulties complying with this extremely important instruction?

### c.  Knowledge Of The Parties

17.     The government is represented here by the United States Attorney's Office for the Southern District of New York. Mr. Preet Bharara is the United States Attorney.  Assistant United States attorneys Eugene Ingoglia and Arlo Devlin-Brown will try the case for the government.  They will be assisted by Special Agent _____ of the FBI.  At times, the government will also be assisted by _____, who are legal assistants in the U.S. Attorney's Office.

18.     Do you, a family member, or a close friend, know any of these individuals? Have

you, or has anyone you know, had any dealings with any of these individuals or with the United States Attorney's Office here in the Southern District of New York?

19.     Do you, a family member, or a close friend  know any of these individuals or have you or anyone you know have any associations or employment with either the United States Attorney's Office here or any law enforcement agency, federal, state, or local?

20.     Do you, a family member, or a close friend  know any of these individuals or have you or anyone you know have any associations or employment with the FBI, the Securities and Exchange Commission ("SEC"), the Commodity Futures Trading Commission ("CFTC"), the Financial Industry Regulatory Authority ("FINRA"), the National Association of Securities Dealers ("NASD") or the New York Stock Exchange?

21.     As I mentioned at the outset, the defendant is Mathew Martoma.  Do you, a family member, or a close friend know or have any dealings with Mr. Martoma?

22.     Mr. Martoma was an analyst for SAC Capital and CR Intrinsic, which are both a type of investment company called a hedge fund.  A hedge fund invests its own money and the money of other investors in the stock market.  Have you, a family member, or a close friend had any dealings directly or indirectly with SAC Capital, CR Intrinsic, or any other hedge funds?

23.     Have you, a family member, or close friend, ever been employed by SAC Capital, CR Intrinsic, or by any other entity affiliated with or related to these entities?

24.     Mr. Martoma is represented at this trial by Richard Strassberg and Roberto Braceras of the law firm Goodwin Procter.  Do you, a family member, or a close friend know or have you or anyone you know had any dealings directly or indirectly with any of the individuals or with the law firm Goodwin Procter?

25.     I'm going to read a list of names to you.  These are names of people and

companies that might be mentioned at trial, or who might testify at trial.  The purpose of the

exercise is to find out whether you know any of these people.  It's a long list, but it's important

that we know whether you know or have had any dealings with any of the people whose names

are going to be mentioned in the course of the trial.

> **[List of Names to be presented in Schedule A]**

26.     Do you know or have you heard of any of these individuals or companies?

27.     Have you, a family member, or close friend ever worked at or had any contact

with any of the listed companies and entities?

> **d.       Views About Financial Institutions And Hedge Funds**

During the trial, you are going to hear evidence about the financial industry, about the

buying and selling of stocks, and the operation of large investment companies, hedge funds,

investment banks, and the like, that trade securities such as stocks and bonds on the New York

Stock Exchange and other national exchanges.  Over the past few years, you may have seen news

articles about the role of hedge funds, investment banks, and Wall Street executives in the

recession that took place in 2008.  All of us have been touched one way or the other by the

recession and we all have our own opinions about it.

But this case isn't about the cause of the recession. This case has only to do with the

specific charges that have been made against Mr. Martoma and his denial of those charges and

this case has to be decided fairly and simply on the evidence that you see and hear in the

courtroom during the course of the trial.

28.     Certain people suffered financial losses due to the recent economic crisis.  Has

anybody here suffered financial losses due to the recent economic crisis?  Will that experience

impact your ability to be a fair and impartial juror in this case?

29.     Is there anything that you have seen, read, heard or experienced with regard to the recent economic crisis that would affect your consideration of this case in any way?

30.     Will the fact that this case involves the financial industry, Wall Street executives, and hedge funds, impact your ability to be a fair and impartial juror in this case?

   o   Do you feel that if a Wall Street executive is accused of wrongdoing, he is probably guilty?

31.     Does the fact that the charges involve the securities industry or allegations of illegal insider trading make it difficult for you to render a fair verdict?

32.     The government regulates and supervises the financial industry and the stock market.  Do you have opinions, either positive or negative, about the government's regulation of the financial industry and the stock market that may impact your ability to be a fair and impartial juror in this case?

33.     You may hear about multi-million dollar transactions and very wealthy individuals.  Will the fact that this case involves wealthy individuals and transactions involving large sums of money impact your ability to be a fair and impartial juror in this case?

34.     This case will involve evidence about pharmaceutical companies.  Do you have any strong opinions about pharmaceutical companies?  Upon what are those opinions based? How long have you held these opinions?

35.     Do you have an investment or financial advisor?  What is your opinion of that person/persons?  Have you had more than one advisor in the past?  If yes, why did you switch?

36.     Are you familiar with the term "hedge fund"?  What is your understanding of the meaning of this term?

37.     Are you familiar with the term "short selling"?  What is your understanding of the

meaning of this term?

38.     Have you invested in securities, meaning financial instruments like stocks and bonds?  Have you purchased shares of stock in specific companies?  Purchased options to purchase or sell shares of stock?  Sold short shares of stock?  Invested in mutual funds?

- o   Are you satisfied with your investment?

- o   Do you have views about whether the stock market is fair to all investors?

- o   Do you believe that the stock market favors particular types of investors?

- o   Have you or a family member, or close friend had a negative experience with a securities brokerage firm, mutual fund company, hedge fund, investment manager, investment advisor, securities trader, investment analyst, investment bank, or stock promoter?

- o   Will your experience as an investor or your views of the stock market affect your ability to be fair and impartial in this case?

39.     Have you, a family member, or close friend ever invested with SAC Capital, CR Intrinsic or any other hedge fund?

40.     Have you or has anyone close to you ever brought a claim against a broker, investment advisor, or other person or firm in the financial industry?

41.     The counts in the indictment involve a particular kind of stock fraud called insider trading.  Do you have any personal feelings about insider trading that may impact your ability to be a fair and impartial juror in this case?

42.     Have you read or seen anything about other cases involving insider trading or fraud in the sale of securities?  What did you read or see?  When did you read or see it?  What opinions did you form based on that?  Would that impact your ability to be a fair and impartial

juror in this case?

43.     Have you, a family member, or close friend ever worked for a securities brokerage firm, mutual fund company, hedge fund, investment manager, investment advisor, securities trader, investment analyst, investment bank, stock promoter, or any other financial institution that was involved in the buying or selling of securities?

44.     Have you ever received any training as an investment advisor, financial planner, financial analyst, stock broker or stock analyst?

45.     Have you, or your family members or close friends, ever worked for or had any association with the United States Securities and Exchange Commission ("SEC") or other financial regulatory body?

46.     In this case, there will be a lot of finance-related and accounting-related testimony regarding investing in public companies and the role of corporate investor relations departments. Do you have any particular knowledge of any of these subjects through education, work or personal experience, or otherwise?

                    e.     **Views About The Government And Lawyers**

47.     Have you, a family member, or a close friend ever been employed by or had any association with, the federal, state, or local government, or by any of its offices, departments, or agencies, including any law enforcement agency?

48.     Are you, a family member, or a close friend a judge, law clerk, court attendant, court clerk, any kind of court personnel, probation officer, or person connected with correctional institutions or jails?

49.     Have you, a family member, or a close friend ever applied for a position with any law enforcement or securities regulatory agency?

50.     Have you, a family member, or close friend been a member of a group that lobbies or takes positions on law enforcement issues on a state, federal, or local level?

51.     Have you, a family member, or close friend ever been a part of any branch of the United States military or any other country's military?  If so, what military branch did you serve in?

52.     Have you, a family member, or close friend studied or practiced law or worked in any capacity for a law office or for a private investigator?  Is there anything about that experience that would affect your ability to be impartial in this case?

53.     Would you tend to give the government's witness testimony or evidence more or less weight than the defendant's evidence on the same subject, because the testimony is presented by the government?

54.     Would you tend to give the defendant's witness testimony or evidence more or less weight than the government's evidence on the same subject, because the testimony is presented by the defendant?

**f.      Experience With And Views Of The Criminal Justice System**

55.     Do you believe that simply because the defendant has been charged with a crime that it is likely he did something wrong?

56.     If, after hearing all the evidence and my instructions on the law, you found that the government has not proven its case beyond a reasonable doubt, would you feel uncomfortable finding the defendant not guilty?

57.     Have you, or a relative or close friend, ever been charged with a crime, including the violation of securities laws?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  Again, if you would prefer not to give

your answer in open court, please say so.

58.     Have you, a family member, or a close friend ever been accused of fraud, including fraud in connection with securities or other investments?

59.     Have you, or a relative or close friend, ever been the subject of an investigation or accusation by any grand jury, state or federal, or any other investigation, or the recipient of a subpoena for any inquiry or investigation?

60.     Have you, or has any relative or a close friend, ever appeared as a witness, been involved with in an individual or business capacity, or been questioned for any investigation or inquiry by any of the following: the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, the FBI, the SEC, the Commodity Futures Trading Commission ("CFTC"), the Financial Industry Regulatory Authority ("FINRA"), the National Association of Securities Dealers ("NASD") or the New York Stock Exchange?

61.     Have you, or has any family member, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, any officer, department, agency, or employee of the United States, the SEC, the Internal Revenue Service (the "IRS"), or the FBI, or had any interest in any such legal action or dispute or its verdict?

62.     Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the FBI?

**g.   Victim Of A Crime**

63.     Have you, or has any family member or any close friend, ever been the victim of a crime, or ever pressed criminal charges against someone, or tried to press criminal charges

against someone?  If you feel uncomfortable answering this question in open court, please say so.  If so, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action. Is there anything about that experience that could affect your ability to be fair and impartial in this case?

64.    To the extent we have not talked about it, have you, or your friends or family members, been the victims of a fraud or financial crime?

65.    Have you or any member of your family or any close friends ever been harmed by dishonesty in business?

66.    Have you ever felt that you or anyone close to you was taken advantage of in a business or financial transaction?

### h.  Prior Jury Service

67.    Have you ever served as a juror before in any type of case?

68.    If so, please state whether each case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

69.    Have you served as a grand juror, which is different? If you have done so, please indicate where and when you served, and describe, in general terms, the kinds of cases you heard.

70.    For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

### i.  Views On Witnesses And Evidence

71.    You may hear testimony in this case from what's called cooperating witnesses;

that is, witnesses who at one time were involved in alleged illegal activity and are testifying on behalf of the government pursuant to a cooperation agreement.  These witnesses may be referred to by counsel, or by the court, as cooperating witnesses.  The law allows for this testimony. Do any of you have any experience with or feelings about the use of cooperating witnesses generally or the use of evidence or information provided by cooperating witnesses that would make it difficult for you to render a fair and impartial verdict in this case?

72.     The defendant is charged with acting and conspiring with others.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the government or the defendant from that fact.  Is there any juror who cannot follow this instruction or for any reason would have difficulty in rendering a fair and impartial verdict because of the fact a particular person is not here as a defendant?

73.     Do you feel that if someone is charged with insider trading by the government, he is probably guilty?

74.     Do you think the Government does enough to prosecute white-collar crime?

75.     Do you believe that our system of criminal justice improperly favors individuals charged with white-collar crimes?

**j.      Ability To Follow The Law**

76.     Every defendant is presumed innocent and can't be convicted unless the jury unanimously, based solely on the evidence in the case, decides that his guilt has been proven beyond a reasonable doubt.  The burden of proving guilt beyond a reasonable doubt rests entirely with the government.  The defendant has no burden of proof whatsoever.  Would any of you have any difficulty in following this instruction?

77.     Under the law, an indictment is merely a list of formal charges and is not

considered proof of any wrongdoing.  The fact that the defendant has been indicted is entitled to

no weight at all in deciding whether a defendant is innocent or guilty.  Is there anyone who

would have any difficulty in accepting this principle?

       78.     Under our system of law, the jury determines the facts and the court determines

the law. There are two separate areas.  At the end of the case I will give you instructions as to

what the law is.  And it's your job to determine the facts of the case subject to my instructions on

the law.  You can't substitute your notions for what the law is or what it should be.  You have to

rely entirely on the legal instructions that I give at the end of the case.  Is there anybody who

believes that he or she would have difficulty or be unable in any way to apply the law as I give it

to you in the instructions at the end of the case?

       79.     The burden of proof in a criminal case beyond a reasonable doubt is greater than

in a civil case.  In a criminal case, the defendant is presumed innocent.  The government has to

prove guilt beyond a reasonable doubt whereas in a civil case the plaintiff's burden is only to

show that he or she is more likely than not to be entitled to relief.  And that is, of course, a much

lesser standard than the beyond-a-reasonable-doubt standard.  Some of you have had experience

in civil cases.  And so you understand that it's a different burden and a much higher burden in a

criminal case.  Is there anyone who does not understand that the burden of proof in a criminal

case beyond a reasonable doubt is higher than the preponderance-of-the-evidence test that you

use in a civil case?

       80.     Under the law, the defendant does not have to testify or even present any

evidence.  If the defendant does not testify, the jury cannot draw any unfavorable inference

against the defendant based on that decision.  That fact can't enter at all into the jury's

deliberation.  Would any of you have any difficulty in applying this principle?

81.     Under the law, the defendant is under no obligation to present any evidence or case on his own behalf.  If the defendant elects not to present any evidence, the jury can't draw any adverse inference against the defendant based on that decision.  Again, that fact can't enter at all into the jury's deliberation.  Would any of you have any difficulty in following that instruction?

82.     Conversely, should the defense counsel decide to put on a case on the defendant's behalf, that fact does not in any way shift the burden of proof to the defendant.  And it doesn't diminish the obligation of the government to prove the defendant's guilt beyond a reasonable doubt.  Would any of you have any difficulty in following that principle?

83.     The law provides that only the evidence that's produced here in court may be used by you to determine whether the government has met its obligation of proving defendant's guilt beyond a reasonable doubt.  Nothing that happens outside of court, nothing in your background can play any role in that.  It's only what you hear and see in this courtroom. Is there anyone who would have difficulty in applying that principle?

84.     Is there any juror who feels that, if the evidence establishes the defendant's guilt beyond a reasonable doubt, he or she might be unable to render a guilty verdict for reasons that are unrelated to the law or the evidence that you see and hear?

85.     Is there any juror who feels that, if the evidence does not establish the defendant's guilt beyond a reasonable doubt, he or she might be unable to render a verdict of not guilty for reasons that are unrelated to the law or the evidence that you see and hear?

### k.  **Questions for individual witnesses**

Now, let me find out some general information about each juror.

Starting with Juror No. 1:

86.     What is your county and general section or community of residence?  How long have you resided there?  Do you own or rent your home? (If fewer than five years, the same questions with respect to prior residence.)

87.     What is the highest level of schooling you have completed?

88.     What is your present employment?  Where is your place of work?  What is the nature of your work?  How long have you held your current position?  (If fewer than five years, the same questions with respect to prior employment.) If retired, what did you do before?

89.     Do you have a spouse or partner?  If so, how is he or she employed?

90.     Do you have any children?  How old are they?  Do any of them live at home with you?  If they are adults, how are they employed?

91.     Have you ever relied on the advice of a stock broker, investment manager, investment advisor, securities trader, investment analyst, or others to help you make investment decisions?

92.     Have you ever made or lost so much money all at once that it changed your lifestyle?

93.     Do you regularly read any financial publications or publications that cover the business world?

94.     What is the main way you get news:  from newspapers, television, the internet, or otherwise?

95.     What types of newspapers, magazines, books and news or business websites do you read on a regular basis?

96.     What television programs do you watch on a regular basis?

97.     Do you belong to or hold any leadership positions in any associations or clubs or

unions?  If so, please describe.

98.     Who is a historical figure you admire?

99.     How do you like to spend your spare time?

l.     **Summary Question**

100.     As you can tell from my prior questions, the fundamental issue here is whether

there is anything in your personal history or life experience that would prevent you from acting

as a fair and impartial juror. So let me ask you one final time, is there anything—whether I have

asked specifically about it or not—that would affect your ability to render a fair and impartial

verdict in this case?

Dated:   New York, New York            Respectfully submitted,
         December 6, 2013

                                       GOODWIN PROCTER LLP


                                       By: /s/ Richard M. Strassberg
                                       Richard M. Strassberg (RS5141)
                                        (rstrassberg@goodwinprocter.com)
                                       John O. Farley (JF4402)
                                        (jfarley@goodwinprocter.com)
                                       Daniel P. Roeser (DR2380)
                                        (droeser@goodwinprocter.com)

                                       The New York Times Building
                                       620 Eighth Avenue
                                       New York, New York 10018
                                       Telephone: (212) 813-8800
                                       Facsimile: (212) 355-3333

                                       Roberto M. Braceras (RB2470)
                                        (rbraceras@goodwinprocter.com)
                                       53 State Street
                                       Boston, Massachusetts 02109
                                       Telephone: (617) 570-1000
                                       Facsimile: (617) 523-1231


                                       *Attorneys for Defendant Mathew Martoma*

## <u>SCHEDULE A</u>

### (Persons Who Might Be Mentioned or Might Testify)

A list will be provided once the government furnishes its expected witness list.